CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

8/26/2019

JULIA C. DUDLEY, CLERK
BY: s/ C. Amos
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

UNITED STATES OF AMERICA

v.

MELINDA SMITH,

*Defendant.*

CASE NO. 6:15-cr-00006-001

MEMORANDUM OPINION

BY: NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

This matter is before the Court on Defendant Melinda Smith's *pro se* "Consolidated Motion to Order Home Confinement and Judicial Recommendation Regarding RRC [Residential Re-entry Center] Placement," (dkt. 200); Motion to Order Home Confinement and Judicial Recommendation Regarding RRC Placement (dkt. 201); and Motion Requesting Representation Per § 3006A (dkt. 202). For the reasons stated below the Court, while commending Defendant's apparent attempts at rehabilitation, will deny Defendant's motions.

As a preliminary matter, Defendant seeks appointment of counsel pursuant to 18 U.S.C. § 3006A. (Dkt. 202). The constitutional right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987). Nor has Defendant shown that she is entitled to representation pursuant to § 3006A and the Court finds that an appointment is not warranted under the circumstances of this case. The Court, therefore, in its discretion will not appoint counsel to represent Defendant at this time.[1]

---

[1] Defendant does not move for a reduction of sentence pursuant to § 404 of the First Step Act of 2018. Nor would that section of the First Step Act, which addressed cocaine base offenses that were committed before August 3, 2010, apply to Defendant. Therefore, although Defendant references other sections of the First Step Act, this district's Standing Order 2019-1 does not provide Defendant an alternative means of obtaining representation.

Defendant moves for this Court to order her to home confinement as well as to make a judicial recommendation of twelve months of RRC placement. She asserts she will be eligible to be released on home confinement on or about November 14, 2020. In support, Defendant cites to 18 U.S.C. §§ 3624 and 3621(b)(4)(B) as well as to § 602 of the First Step Act of 2018, Pub. L. No. 115-391, § 602, 132 Stat. 5194 (2018). (Dkts. 200, 201).

A federal defendant who has been sentenced to a term of imprisonment is committed to the custody of the Bureau of Prisons ("BOP") until the expiration of the term imposed or early release. 18 U.S.C. § 3621(a). The BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b).[2] In designating the place of imprisonment the BOP considers, among other things, "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B). The court can make a recommendation but that recommendation has no binding effect on the authority of the BOP to determine or change the place of imprisonment. 18 U.S.C. § 3621(b).

To the extent Defendant is requesting a modification of her sentence, the district court has limited authority to modify a sentence once it has been imposed. *Freeman v. United States*, 564 U.S. 522, 526 (2011) ("Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed . . . subject to a few narrow exceptions." (quotation marks omitted)). Under 18 U.S.C. § 3582(c), a court may modify a sentence in limited circumstances: (1) where the Director of the Bureau of Prisons or a prisoner who has satisfied certain requirements seeks modification as provided in § 3582(c)(1)(A); (2) as expressly provided by statute or by Fed.

---

[2] Title VI, Section 601, of The First Step Act of 2018 amended 18 U.S.C. § 3621(b) to encourage the placement of prisoners close to their families and included the following addition: "Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." Pub. L. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

R. Crim. P. 35; and (3) when the sentencing guidelines have been subsequently lowered and a modification of sentence is consistent with the guidelines' policy statement. As discussed below, Section 602 of the First Step Act does not provide the court authority to modify Defendant's sentence. Nor has Defendant pointed to a sentencing guideline that has been lowered and applies to her. Rule 35, which allows correction of clear error within 14 days after sentencing and provides for reductions for substantial assistance, does not apply.

The only possible modification authority here is that provided in § 3582(c)(1)(A), which allows a modification of sentence (absent a motion by the Director of BOP) but only if the prisoner has first exhausted all administrative rights to seek relief through the BOP (either by BOP rejection of her request or inaction by the BOP for 30 days after receiving her request, whichever is earlier), and either: (1) the prisoner is at least 70 years of age and has served at least 30 years in prison for the offense and the BOP determines she is not a danger to the safety of any other person or the community; or (2) "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Defendant's motions do not suggest she has exhausted her administrative remedies to seek a conversion of part of her imprisonment to home confinement. Even if she had, she does not qualify under the provision available to prisoners age 70 or more nor has she presented any evidence or argument of "extraordinary and compelling" reasons to reduce her sentence.

Nor does the Second Chance Act or First Step Act provide authority for the relief she seeks. Under the Second Chance Act, the BOP is authorized to place inmates in community confinement facilities during the final portion of their sentences, as well as home confinement. 18 U.S.C. § 3624(c)(1), (2). Following passage of the First Step Act, "[t]he Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." Pub. L. 115-391, § 602, 132

Stat. 5194, 5238 (2018); 18 U.S.C. § 3624(c)(2); *see also* 18 U.S.C. § 3621(b). Defendant cites § 602 but that section provides authority to the BOP, not the Court, to place a prisoner in home confinement.

While the Second Chance Act and the First Step Act expand the BOP's authority to place prisoners, they do not vest placement authority in this Court. 18 U.S.C. § 3624(c)(2); 18 U.S.C. § 3621(b); *see United States v. McGimsey*, No. 3:11-CR-00069-TBR, 2019 WL 2396574, at *3 (W.D. Ky. June 6, 2019) (statutory language of § 3624(c)(2) as amended by the First Step Act "makes clear that the BOP's authority to release a prisoner to home confinement is discretionary"); *United States v. Yates*, No. 15-40063-01-DDC, 2019 WL 1779773, at *4 (D. Kan. Apr. 23, 2019) (BOP, not the courts, decides whether home detention is appropriate). Absent a court's modification to a sentence under § 3582(c), "discretion to release a prisoner to home confinement lies solely with the Attorney General [and BOP by delegation]." *Deffenbaugh v. Sullivan*, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019) (collecting authority); *see United States v. Lowe*, 1:15CR11-1, 2019 WL 3858603, at *2 (M.D.N.C. Aug. 19, 2019) (noting that, at most, the court could only compel BOP to consider whether a prisoner should be placed on home confinement). Thus, the Court must deny Defendant's motion to order home confinement.

The Court now turns to Defendant's request for a judicial recommendation regarding Defendant's RRC placement. Federal district courts throughout the country have differed in their decisions as to "whether a district court can make imprisonment placement recommendations on a Defendant's *post-sentencing* motion." *United States v. Patterson*, No. 2:00cr187, 2019 WL 127962, at *2 (E.D. Va. Jan. 8, 2019) (emphasis in original) (citing *United States v. Ferguson*, No. 6:16-cr-00707-JMC-8, 2018 WL 5095149, at *2 (D.S.C. Oct. 19, 2018)). The court in *Ferguson* noted that some courts have issued recommendations pursuant to 18 U.S.C. § 3621(b)(4)(B)

without addressing the jurisdictional issue; other courts have concluded that although they may not amend or modify the judgment, they may issue a recommendation separate and apart from the judgment; and some courts have concluded they lack authority to make recommendations after sentencing. *Ferguson.* 2018 WL 5095149, at \*2-3 (quoting *Carter v. United States*, Criminal Case No. 14-CR-150, 2018 WL 2376513 (E.D. Wis. May 24, 2018)). The court in *Patterson*, agreeing with *Ferguson*, concluded that a district court may issue a non-binding, strictly advisory recommendation regarding placement without running afoul of the limitations on modifying sentences set out in 18 U.S.C. § 3582 and Fed. R. Crim. P. 35.[3] *Patterson*, 2019 WL 127962, at \*2; *see United States v. Statzer*, No. 1:08CR00024-020, 2016 WL 5940926, at \*2 (W.D. Va. Oct. 13, 2016) ("Moreover, while nothing prevents this court from making a recommendation [of halfway house placement], I believe that the BOP is in the best position to determine the proper placement of the defendant."); *see also United States v. Caudle*, 740 F. App'x 364, 365 (4th Cir. 2018) (unpublished) (per curiam) (assuming, without deciding, that sentencing courts have the authority to make post-sentencing judicial recommendations for placement under the Second Chance Act). The greater weight of authority appears to be that a district court may issue a non-binding recommendation. *See Ferguson*, 2018 WL 5095149, at \*3 (agreeing with *Carter*, 2018 WL 2376513, at \*3).

The Court declines to issue the recommendation Defendant seeks under the circumstances of this case. In support, Defendant represents that she has been taking classes to better herself for when she is released and has worked in the unit orderly department. Such efforts are

_____

[3] Although deciding to make a recommendation in their respective cases, the courts in *Patterson* and *Ferguson* emphasized that "the BOP is in a superior position to make these types of placement decisions and [the court] cannot overstate that the court's authority in this regard extends only to a non-binding recommendation." *Patterson*, 2019 WL 127962, at \*2 (quoting *Ferguson*, 2018 WL 5095149, at \*3).

commendable. However, after consideration of the information submitted by Defendant and applying relevant law, the Court finds in this case that the BOP is in a superior position to evaluate Defendant's assertions and to determine the extent, if any, to which she should serve all or part of the end of her sentence in an RRC, or on home confinement. The BOP has far more information about how Defendant has done and is doing, and how she will likely do in the future, than this Court does. *See United States v. Kimble*, No. RDB-13-0035, 2018 WL 5841970, at *2 (D. Md. Nov. 8, 2018) (expressing this same concern and denying defendant's motion for recommendation that she serve 12 months of her remaining sentence in RRC placement under circumstances similar to those before this Court); *United States v. Harrell*, No. 2:12-CR-00024-BO-1, 2018 WL 4868816, at *1 (E.D.N.C. Oct. 7, 2018) (finding the court was not precluded from making a recommendation to the BOP but declining the "invitation" to do so); *United States v. Shroyer*, No. 2:17CR00003, 2017 WL 4684192 (W.D. Va. Oct. 18, 2017) ("I believe that the BOP is in the best position to make this determination [of whether to place defendant in an RRC] without advice from the court."); *cf. United States v. Jacko*, No. 14-cr-98-pp, 2019 WL 398829, at *3 (E.D. Wis. Jan. 31, 2019) (noting that the court, unlike the BOP, had "*no* information about how many other inmates are scheduled for release at the same time as this defendant, about their post-release needs, about the availability of RRCs"). The Court, therefore, will deny Defendant's request for a recommendation under the circumstances of this case.

The Court stresses, however, that its decision not to make the recommendation sought by Defendant in no way reflects negatively on her eligibility for RRC placement (or home confinement) or on the conditions of any such placement. The Court commends Defendant for trying to use her time in prison productively and notes the expressed Congressional directive that

the Bureau of Prisons, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement.

A separate Order will issue.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the Defendant and to all counsel of record.

ENTERED this __26th__ day of August, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE